IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, </br>GLENNA H. LOCH, and </br>KAYLA N. LOCH, </br></br>    Plaintiffs, </br></br>v. </br></br>BOARD of EDUCATION of </br>EDWARDSVILLE COMMUNITY </br>SCHOOL DISTRICT #7, </br></br>    Defendant. | ) </br>) </br>) </br>) </br>) </br>) Civil No. **06-017-MJR** </br>) </br>) </br>) </br>) </br>) </br>) </br>) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court are three separate motions for sanctions filed by the plaintiffs, as follows:

- Motion for Rule 11 Sanctions Filed by Plaintiff Glenna Loch **(Doc. 54)**;

- Motion for Rule 11 Sanctions Filed by Plaintiff Kayla Loch **(Doc. 55)**; and

- Motion for Rule 11 Sanctions Filed by Plaintiff Thomas Loch **(Doc. 56)**.

Defendant has filed responses to the motions at **Docs. 63, 64, and 65**.

The basis for all the motions is the same. Plaintiffs argue that defendant's counsel should be sanctioned under **Fed.R.Civ.P. 11** because counsel filed a motion to dismiss and memorandum in support thereof in which they argued that plaintiffs have failed to exhaust administrative remedies with respect to some of their claims. According to plaintiffs, the argument advanced by defense counsel places the plaintiffs in a "legal loophole" and is intended to cause unnecessary delays.

Plaintiffs' motions must be denied for several reasons.  First, the motions do not comply with the safe harbor provision of **Fed.R.Civ.P. 11(c)(1)(A)**, which states as follows:

> A motion for sanctions under this rule ...shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

The safe harbor period begins to run "only upon service of the motion;" the purpose of this provision is to "stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule."  Advisory Committee Notes, 1983 Amendment.  Compliance with the 21 day safe harbor provision is "not merely an empty formality."  ***Divane v. Krull Electric Co., Inc.***, 200 F.3d 1020, 1026 (7th Cir. 1999).

Here, the certificates of service attached to the motions show that the motions were served by mailing them to defendant's attorney on December 18, 2006, the same day that the motions were filed with the court.

In addition to the procedural defects, the motions must be denied for substantive reasons as well.  The argument that plaintiffs failed to exhaust administrative remedies as to some claims had already been accepted by Judge Reagan in ruling on defendant's motion to dismiss directed to the original complaint.  Judge Reagan granted the motion in part, dismissed some of the claims asserted in the original complaint, and directed plaintiffs to file an amended complaint.  **See, Doc. 22**.  Although the order directed the plaintiffs to set forth only the "remaining claims," in defendant's view, plaintiff's amended complaint again asserted claims that had previously been dismissed.  Defendant then filed the motion to dismiss and memorandum which give rise to plaintiffs' sanctions motions.  **See, Docs. 48 and 49.**  Since the court had already granted a motion to dismiss on the grounds of failure to exhaust administrative remedies, it is difficult to

comprehend how raising that argument again in a motion to dismiss the amended complaint could be viewed as improper or intended to cause unnecessary delay.

Lastly, the court notes that plaintiffs ask the court to sanction defendant's attorneys by requiring them to pay plaintiffs' attorneys fees.  As plaintiffs do not have counsel, they would not, in any event, be entitled to recover attorneys fees.

Upon consideration and for good cause shown, the Motion for Rule 11 Sanctions Filed by Plaintiff Glenna Loch **(Doc. 54)**, the Motion for Rule 11 Sanctions Filed by Plaintiff Kayla Loch **(Doc. 55)**, and the Motion for Rule 11 Sanctions Filed by Plaintiff Thomas Loch **(Doc. 56)** are **DENIED.**

**IT IS SO ORDERED.**

**DATE:  February 22, 2007.**

                                                  s/ Clifford J. Proud
                                                  **CLIFFORD J. PROUD**
                                                  **UNITED STATES MAGISTRATE JUDGE**