## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS H. LOCH, GLENNA H.** ) | |
| **LOCH and KAYLA N. LOCH,** ) | |
|   ) | |
| **Plaintiffs,** ) | |
|   ) | |
| v. ) | **Civil Action No. 3:06-cv-17-MJR** |
|   ) | |
| **BOARD OF EDUCATION OF** ) | |
| **EDWARDSVILLE COMMUNITY** ) | |
| **SCHOOL DISTRICT #7,** ) | |
|   ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs Thomas, Glenna and Kayla Loch move the Court to reconsider its May 18, 2007 Order dismissing Thomas's and Glenna's (hereinafter, "the Lochs") claims set forth in Counts VII and X for lack of standing (Doc. 76).

### I.     Background

In its May 18th Order, the Court determined that, pursuant to provisions of the Individuals with Disabilities Education Act ("IDEA"), **20 U.S.C. § 1415(f), (g) and (i)[1],** and Title 23 of the Illinois Administrative Code, **23 IL ADC 226.690**[2], the Lochs lacked standing under the

---

[1]The IDEA provides that a state ". . . may provide that, when a child with a disability reaches the age of majority . . . all other rights accorded to parents under this subchapter transfer to the child." **20 U.S.C. § 1415(m)(1)**.

[2]"When a student with a disability reaches the age of majority (18 years of age; see 755 ILCS 5/11-1) . . . [t]he school district shall provide any notice required by this Part to both the individual and the parents, and all other rights accorded to parents under Part B of the Individuals with Disabilities Education Act, the implementing regulations at 34 CFR 300, and this Part shall transfer to the student; . . ." **23 IL ADC § 226.690(a)**.

1

IDEA to bring suit as parents on Kayla's behalf. The Court found that the parents' rights had transferred to Kayla because she had reached the age of majority and there had been no showing that Kayla was incompetent or otherwise incapable of asserting her own legal interests. The Lochs move the Court to reconsider its ruling in light of the United States Supreme Court's recent ruling in *Winkelman v. Parma City School District,* 127 S.Ct. 1994 (2007).

##     II.     Legal Standards

The Federal Rules of Civil Procedure do not specifically authorize the filing of motions to reconsider. Such motions are filed routinely, however, and they are construed either as Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule governs. If the motion to reconsider was filed within ten days of entry of the challenged judgment or order, then Rule 59(e) applies. On the other hand, if the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. ***See Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997);** *Russell v. Delco Remy Division of General Motors* **Corp., 51 F.3d 746, 750 (7th Cir. 1995);** *United States v. Deutsch***, 981 F.2d 299, 301 (7th Cir. 1992).** This Court follows **FEDERAL RULE OF CIVIL PROCEDURE 6(a)** in calculating the ten-day period (*i.e.*, counting the ten days to exclude weekends and holidays).

Here, the Lochs' motion seeking reconsideration was filed within ten days of the Court's May 18th Order, so Rule 59(e) governs. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 915 (2004).** *See also Publishers*

4

*Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986)(motion to reconsider is not appropriate vehicle to introduce new legal theories);** *Publishers Resource v. Walker-Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985)(motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

Because the Supreme Court rendered its decision in *Winkelman* on May 21, 2007, three days after this Court made its decision, and because its decision may bear on the issues herein, the Court will consider this matter in light of the *Winkelman* decision, pursuant to Rule 59(e)(4).

### III.  Analysis

The central issue in *Winkelman* was whether the IDEA grants parents the same independent substantive right to a free appropriate public education as it does their child, and, thus, whether unrepresented parents would proceed on their own behalf or on behalf of their child in an action to enforce this right in federal court.  **127 S.Ct. at 1998**.[3]  In examining the IDEA's statutory

---

[3]The Court notes that the child in *Winkelman* was a minor, so the question of whether the parents would have standing once the child reached the age of majority was not before the Court.

scheme, the Court concluded that the IDEA ". . . grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child." ***Id*. at 2005**.

*Winkelman* reaffirms that *pro se* plaintiffs are entitled to enforce their own independent rights in federal court under 28 U.S.C. § 1654. However, it has no direct application here because it does not invalidate IDEA, § 1415(m)(1), which, read in conjunction with Title 23 of the Illinois Administrative Code, § 226.690, transfers rights to children like Kayla at age eighteen. Rather than overruling this provision, the Court stated that this provision confirmed its view, stating that the IDEA ". . . presumes parents have rights of their own when it defines how States might provide for the transfer of the 'rights accorded to parents' by IDEA, § 1415(m)(1)(B)." ***Id*. at 2002**. This is precisely the issue under consideration. The State of Illinois provided for the transfer of "rights accorded to the parents," other than required notice, to the student - here, to Kayla - when she gained her majority.

The Lochs argue that Kayla was sixteen when the pending matter began and that the potential exists for school districts purposely to stall on pending cases until a child reaches the age of majority, effectively ending any IDEA claim that parents might wish to prosecute against them. However, Kayla was eighteen and had already attained her majority when this action was filed. *See* Plaintiffs' Complaint, ¶ 5 ("Kayla L. ('Kayla') is an eighteen-year-old girl. . . ."). The Lochs' argument fails because it does not accurately reflect this fact, as stated in their complaint. Moreover, the IDEA claim is not "effectively ended" when the child reaches her majority because standing simply transfers from the parent to the child. The Court need not consider whether the outcome would have been different if Kayla had been a minor when this action was filed.

**IV.     Conclusion**

For the above-stated reasons, the Court **DENIES** the Lochs' motion for reconsideration (Doc. 76).

**IT IS SO ORDERED.**

**DATED this 12th day of September, 2007**

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge
