## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS H. LOCH, GLENNA H.** | ) | |
| **LOCH and KAYLA N. LOCH,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:06-cv-17-MJR** |
| | ) | |
| **BOARD OF EDUCATION OF** | ) | |
| **EDWARDSVILLE COMMUNITY** | ) | |
| **SCHOOL DISTRICT #7,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs, Thomas, Glenna and Kayla Loch (hereinafter, "the Lochs"), move the Court to reconsider its September 12, 2007 Order, which denied reconsideration of its Order dismissing the Lochs' claims set forth in Counts VII and X for lack of standing.  (Doc. 93).

### I.    Background

In its May 18th Order, the Court determined that, pursuant to provisions of the Individuals with Disabilities Education Act ("IDEA"), **20 U.S.C. § 1415(f), (g) and (i)**[1], and Title 23 of the Illinois Administrative Code, **23 IL ADC 226.690**[2], Kayla's parents, Thomas and Glenna,

---

[1]The IDEA provides that a state ". . . may provide that, when a child with a disability reaches the age of majority . . . all other rights accorded to parents under this subchapter transfer to the child."  **20 U.S.C. § 1415(m)(1)**.

[2]"When a student with a disability reaches the age of majority (18 years of age; see 755 ILCS 5/11-1) . . . [t]he school district shall provide any notice required by this Part to both the individual and the parents, and all other rights accorded to parents under Part B of the Individuals with Disabilities Education Act, the implementing regulations at 34 CFR 300, and this Part shall transfer to the student; . . ."  **23 IL ADC § 226.690(a)**.

lacked standing under the IDEA to bring suit as parents on Kayla's behalf.  The Court found that

the parents' rights had transferred to Kayla because she had reached the age of majority and there

had been no showing that Kayla was incompetent or otherwise incapable of asserting her own legal

interests.  The Lochs moved the Court to reconsider its ruling in light of the United States Supreme

Court's recent ruling in *Winkelman v. Parma City School District,* 127 S.Ct. 1994 (2007).  The Court

found that *Winkelman* did not apply to the instant action because 1) *Winkelman* did not invalidate

IDEA, § 1415(m)(1), which, read in conjunction with Title 23 of the Illinois Administrative Code,

§ 226.690, transfers rights to children like Kayla at age eighteen; and 2) Kayla was not a minor when

this action was filed.

>  II.    **Legal Standards**

For purposes of clarity and completeness, the Court will restate the standards under

which it analyzes a motion to reconsider.

The Federal Rules of Civil Procedure do not specifically authorize the filing of

motions to reconsider.  Such motions are filed routinely, however, and they are construed either as

Rule 59(e) motions to alter/amend or Rule 60(b) motions for relief from judgment/order.

The Seventh Circuit has delineated a bright-line test to determine which Rule

governs.  If the motion to reconsider was filed within ten days of entry of the challenged judgment

or order, then Rule 59(e) applies.  On the other hand, if the motion to reconsider was filed *more than*

ten days after entry of the challenged judgment or order, Rule 60(b) applies.  ***See Britton v. Swift***

***Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Russell v. Delco Remy Division of General***

***Motors* Corp., 51 F.3d 746, 750 (7th Cir. 1995); *United States v. Deutsch*, 981 F.2d 299, 301 (7th**

**Cir. 1992).**  This Court follows **FEDERAL RULE OF CIVIL PROCEDURE 6(a)** in calculating the ten-

day period (*i.e.*, counting the ten days to exclude weekends and holidays).

Here, the Lochs' motion seeking reconsideration was filed within ten days of the Court's September 12th Order, so Rule 59(e) governs. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law; (2) new evidence not available at the time of the original ruling; (3) a clear legal error; and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 915 (2004).** *See also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986)(motion to reconsider is not appropriate vehicle to introduce new legal theories);** *Publishers Resource v. Walker-Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985)(motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

### III.   Analysis

The Lochs argue that an intervening change in state law mandates the Court's reconsideration of its Order. Specifically, Public Act 095-0372, effective August 23, 2007, changes Illinois law regarding the transfer of certain rights from a parent to a student with a disability. As amended, the statute provides that rights "shall not transfer" if a student who has "not been adjudged

incompetent under State law . . . has executed a Delegation of Rights to make educational decisions pursuant to this Section for the purpose of appointing the student's parent or other adult to represent the education interests of the student." **105 ILCS 5/14-6.10**. The Lochs attach "Declaration of Rights to Make Educational Decision," dated September 15, 2007, in which Kayla delegates her "right to give consent and make decisions concerning my education to my father, Thomas H. Loch[.]" Doc. 93, Attachment A, Kayla Loch Decl.

Defendant argues that § 14-6.10 does not apply retroactively to change the Lochs' standing in this case.

The Illinois Supreme Court has acknowledged that "the legislature has clearly indicated the "temporal reach" of *every* amended statute." (emphasis in original). ***Caveney v. Bower*, 797 N.E.2d 596, 601 (Ill. 2003) (citing *People v. Glisson*, 782 N.E.2d 251, 256 (Ill. 2002))**. The temporal reach of a statute is established "either expressly in the new statute or by default in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2000))." ***Id.***

The Court has reviewed § 14-6.10 and finds no express provision that indicates clear legislative intent to make the application of this amendment retroactive. Accordingly, the Court must consider the temporal reach of the statute under section 4 of the Statute on Statutes, which provides, in relevant part:

> No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. **5 ILCS 70/4 (West 2000)**.

Thus, section 4 "forbids retroactive application of substantive changes to statutes." ***Id.* at 602**

(quoting *Glisson*, 782 N.E.2d at 256).

The revisions to § 14-6.10 are substantive and would have a retroactive impact, in that "they would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Commonwealth Edison Co. v. Will County Collector*, 749 N.E.2d 964, 971 (Ill. 2001) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994)). If § 14-6.10 were to be applied retroactively, Kayla could transfer rights to Thomas and Glenna and thereby confer standing on them more than one-and-one-half years after the lawsuit was filed. Giving Thomas and Glenna standing would impermissibly impact Defendant's liability or impose new duties on Defendant for claims which were dismissed by the Court nearly five months ago. Thus, because of the retroactive impact, the Court must presume that the legislature did not intend that § 14-6.10 be applied retroactively. *Commonwealth Edison*, 749 N.E.2d at 971 (citing *Landgraf*, 511 U.S. at 280).

In light of the foregoing, the Court concludes that 105 ILCS 5/14-6.01 is not to be given retroactive effect. Accordingly, the Lochs' motion for reconsideration (Doc. 93) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 11th day of October, 2007**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**