IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, GLENNA H. LOCH, and KAYLA N. LOCH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. **06-017-MJR** ) ) |
| BOARD of EDUCATION of EDWARDSVILLE COMMUNITY SCHOOL DISTRICT #7, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is plaintiffs' Motion to Compel. **(Doc. 79)**. Defendant has filed a response at **Doc. 83**.

Plaintiffs seek an order requiring defendant to produce Heather Clausen for deposition. Ms. Clausen is a special education teacher employed by defendant. Plaintiffs notified defendant of their intent to depose Ms. Clausen, and defendant objected, stating that Ms. Clausen "would only be able to provide testimony relevant to the appeal of the due process decision." Defendant takes the position that plaintiffs may not seek discovery relating to the due process decision without court approval, citing 20 U.S.C. §1415(i)(2)(c)(ii).

The statute cited by defendant is part of the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. The IDEA provides for a so-called "due process hearing" on a complaint with respect to the education of a child with a disability, and for judicial review of the final decision made after the due process hearing, after exhaustion of administrative remedies.

1

See, generally, 20 U.S.C. §1415. The Seventh Circuit has described judicial review of a due process hearing decision as follows:

> In approaching this kind of case, a district court must take as the basis of its decision the administrative record that the independent hearing officer compiled; it then has the discretion to admit additional evidence to supplement the record. 20 U.S.C. § 1415(i)(2)(C). Once the record is complete, the court is to base its decision on "the preponderance of the evidence" and to grant "such relief as [it] determines is appropriate." Id. The Supreme Court has interpreted this to require the initial reviewing court-that is, the district court-to make an independent decision based on the preponderance of the evidence. See *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). At the same time, the court must give "due weight" to the determinations made during the state administrative process. Id. The *Rowley* Court emphasized that "the provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." Id. See *Patricia P. v. Bd. of Educ. of Oak Park*, 203 F.3d 462, 466 (7th Cir.2000).

**Board of Education of Township High School District No. 211 v. Ross, 486 F.3d 267, 271 (7th Cir. 2007).**

From the beginning of this litigation, defendant has taken the position that plaintiffs are precluded from seeking discovery pursuant to 20 U.S.C. §1415(i)(2)(c)(ii). **See, Doc. 53, Scheduling and Discovery Order**.

In its response, defendant cites a number of cases which generally hold that whether to admit additional evidence is a matter within the sound discretion of the trial court, keeping in mind that the proceeding is not a trial de novo, but is a review of the administrative record. **See, *Monticello School Dist. No. 25 v. George L., etc.*, 102 F.3d 895, 901-902. (7th Cir. 1996).**

Plaintiffs here have set forth a number of claims in addition to their claims under the IDEA. Some of those claims have survived defendant's motion to dismiss. **See, Doc. 72.** However, defendant represents that Ms. Clausen's testimony would only be relevant to the IDEA

claims.  According to defendant, Ms. Clausen participated in an IEP eligibility meeting, but had no other involvement with Kayla Loch, and did not testify at the due process hearing.  Plaintiffs do not address the relevance of Ms. Clausen's anticipated testimony or suggest what kind of information they would seek from her in a deposition.

Because it appears that the testimony of Ms. Clausen would relate only to the claim for judicial review of the administrative decision, the motion will be denied.

Upon consideration and for good cause shown, plaintiffs' Motion to Compel **(Doc. 79)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  October 16, 2007.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**