IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, <br> GLENNA H. LOCH, and <br> KAYLA N. LOCH, <br> <br> Plaintiffs, <br> <br> v. <br> <br> BOARD of EDUCATION of <br> EDWARDSVILLE COMMUNITY <br> SCHOOL DISTRICT #7, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. **06-017-MJR** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is defendant's Motion to Compel Interrogatories and for Leave to Issue Subpoenas. **(Doc. 81)**. Plaintiffs have filed responses at **Doc. 89, 90, and 91.** Defendant filed a reply at **Doc. 96.**

Defendant is seeking discovery about all three plaintiffs' medical treatment for the past ten years, including mental health treatment. Defendant served an interrogatory which asks each plaintiff to identify every health care professional who has treated him or her in the last 10 years, and to sign an authorization which will allow defendant to get copies of the records. Defendant argues that "plaintiffs have placed their mental and physical condition at issue by seeking damages for emotional pain and suffering." **Doc. 82, p. 2**.

All three plaintiffs object to providing access to their records because they contend the records are privileged and irrelevant.

Plaintiffs are seeking damages for "emotional pain and suffering" under several different

1

theories.  Defendant argues that they have thereby placed their mental condition in issue, citing *Doe v. Oberweis Dairy*, **456 F.3d 704, 718 (7th Cir. 2006)**.  Defendant makes no real argument that Thomas and Glenna have placed their physical condition in issue, and the court finds that they have not.  Therefore, defendant is not entitled to obtain their medical records relating to treatment for physical conditions.

      Kayla's physical and emotional conditions are obviously in issue insofar as she and her parents allege that she was entitled to special education services because of physical and emotional disabilities.  **Amended Complaint, Doc. 44, p. 10.**  However, she is not seeking damages for any physical injury.  In keeping with defendant's position that the record is closed with respect to review of administrative decision, medical records other than the records that were considered as part of the administrative proceedings would not be relevant.  Therefore, the request for Kayla' medical records relating to treatment for physical conditions is denied.

      With regard to records of treatment for psychological or mental health conditions, plaintiffs argue that the Supreme Court recognized a federal  psychotherapist/patient privilege in *Jaffee v. Redmond*, **518 U.S. 1, 116 S.Ct. 1923 (1996)**.  They are correct.  The privilege applies to confidential communications made to licensed social workers as well as to psychiatrists and psychologists.  *Id.*, **518 U.S. at 15-16, 116 S.Ct. at 1931-1932.**  However, recognizing the privilege is not the end of the inquiry; the Supreme Court specifically noted that "Like other testimonial privileges, the patient may of course waive the protection." *Id.*, **518 U.S. at 15, 116 S.Ct. at 1931, footnote 14.**

      Plaintiffs acknowledge that, in some circumstances at least, a plaintiff who claims damages for emotional distress puts his mental condition in issue and thereby waives the

privilege.  Citing a number of non-precedential district courts cases, they argue that they have not waived the privilege here because they are claiming only "garden variety" emotional distress and not a specific psychiatric injury.  Defendant responds that the Seventh Circuit makes no such distinction, citing **Oberweis Dairy, supra**.

The plaintiff in **Oberweis Dairy** was suing her former employer for sexual harassment under Title VII, as well as making state law claims for battery and intentional infliction of emotional distress.  The court stated "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."  **Oberweis Dairy**, 456 F.3d at 718.  Although it is not explicitly stated, it does not appear from the opinion that the plaintiff was alleging a specific psychiatric injury there.  The Seventh Circuit cited with approval **Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir.2000)**, in which it appears that the plaintiff was also seeking to recover for generalized emotional distress rather than a specific psychiatric injury.

This court doubts whether every plaintiff who seeks recovery for generalized emotional distress necessarily waives the psychotherapist/patient privilege as to his complete mental health history in every case.  See, e.g., the thoughtful discussion of the issue in **Hucko v. City of Oak Forest, 185 F.R.D. 526 (N.D.Ill.,1999)**   However, it is unnecessary to resolve that issue here because plaintiffs have gone beyond making a generalized claim.  They have injected their mental health treatment into the case by disclosing as an expert witness a social worker who counseled all three plaintiffs.  **See, Report of Jonna Mason, Exhibit H, Doc. 82.**  Plaintiffs cannot have it both ways.  They cannot use Ms. Mason as an expert witness and offer evidence of specific mental health treatment while blocking defendant from discovering records of other

such treatment.

Upon consideration and for good cause shown, defendant's Motion to Compel Interrogatories and for Leave to Issue Subpoenas **(Doc. 81)** is **GRANTED in part and DENIED in part as follows:**

The motion is denied as to treatment rendered to Kayla, Glenna, or Thomas Loch for physical conditions. The motion is granted as to treatment rendered to Kayla, Glenna, or Thomas Loch for mental, emotional, or psychological conditions.

All plaintiffs are ordered to answer defendant's interrogatories regarding treatment for mental, emotional, or psychological conditions, and to execute the authorizations to permit defendant to obtain the records of the identified treatment. Plaintiffs shall do so by **October 30, 2007.**

**IT IS SO ORDERED.**

DATE:  October 16, 2007.

s/ Clifford J. Proud
**CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE**