IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS H. LOCH,** | ) | |
| **GLENNA H. LOCH, and** | ) | |
| **KAYLA N. LOCH,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. **06-017-MJR** |
| v. | ) | |
| | ) | |
| **BOARD of EDUCATION of** | ) | |
| **EDWARDSVILLE COMMUNITY** | ) | |
| **SCHOOL DISTRICT #7,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the court is plaintiffs' Motion to Compel.  **(Doc. 80)**.  Defendant has filed a

response at **Doc. 84**.

Plaintiffs seek an order compelling defendant to respond to certain of their

interrogatories.

Interrogatory number 4 asks for the number of IEPs that were granted for the school

years 2002-2005, broken down by disability domain, and for the number of IEPs that were

granted for students suffering from diabetes and/or emotional disturbance.  Defendant's

objection to the relevance of this information is sustained.  This information would not tend to

prove or disprove any fact in issue.

Interrogatories numbered 5, 6, and 11 all ask defendant to give information about

students other than Kayla Loch.  Number 5 seeks information about students who were

authorized to be home-schooled or offered alternative high school arrangements.  Numbers 6 and

1

11 seek information about students who were granted "permission letters" to allow them to receive Edwardsville High School credit while attending another School.  Defendant objects that the Family Educational Rights and Privacy Act, **20 U.S.C. §1232g**, prohibits the District from releasing school records except in limited circumstances, none of which are present here.[1]

**20 U.S.C. §1232g(b)(1)** "protects personally identifiable information other than directory information from release without parental consent."  ***Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of  Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public Instruction***, 463 F.3d 719, 730 (7th Cir. 2006).  Directory information, which may be disclosed, includes names, addresses, and telephone numbers; however, sometimes students' names "carry with them information about the students' IEPs and disciplinary records, which ordinarily might implicate FERPA if released to third parties." ***Id***.

Here, plaintiffs desire the release of the students' identifying information to enable them to learn which students were granted permission for alternative education placements and why such permission was granted.  The court agrees that the release of this information is prohibited by 20 U.S.C. §1232g(b)(1).

Defendant answered interrogatories numbered 5, 6, and 11 by giving plaintiffs the information they seek but withholding information that would identify the individual students.  Instead, the students are identified only by a number.  **See, Answers to Interrogatories, Exhibit 1 attached to Doc. 84**.  This is an appropriate response.

_____

[1]Defendant also cites the Illinois School Student Records Act, 105 ILCS 10/6.  Federal law generally governs the applicability of privilege in this case, F.R.Evid. 501, but state law may be considered as a factor in determining what privileges are applicable.  *Memorial Hospital v. Shadur*, 664 F.2d 1058, 1061 (7th Cir.1981).  Because the Illinois Act is consistent with the federal statute, the court need not consider it separately.

Lastly, interrogatory number 9 seeks information about the legal fees incurred by defendant in this case.  Plaintiffs argue that they are entitled to this information because **42 U.S.C. §1988** permits the prevailing party to recover fees.  While that is accurate, the amount of defendant's attorneys fees will not become an issue unless and until defendant becomes the prevailing party and moves for an award of fees.  At this point, the amount of defendant's attorneys fees are not in issue.

For the foregoing reasons, plaintiffs' Motion to Compel **(Doc. 80)** is **DENIED**. Plaintiffs' request for sanctions, made in the same motion, is also denied.

**IT IS SO ORDERED.**

**DATE:  October 16, 2007.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

3