IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, <br> GLENNA H. LOCH, and <br> KAYLA N. LOCH, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD of EDUCATION of <br> EDWARDSVILLE COMMUNITY <br> SCHOOL DISTRICT #7, <br><br> Defendant. | Civil No. **06-017-MJR** |

# ORDER

**PROUD, Magistrate Judge:**

Before the court is defendant's Motion to Quash Subpoenas. **(Doc. 92)**. Plaintiffs filed responses at Docs. **98** to **100**. Defendant filed a reply at Doc. **103**, to which plaintiffs filed a sur-reply at **Doc. 106.**

The court first notes that this district's local rules do not permit the filing of sur-replies. **See, SDIL-LR 7.1.**

Plaintiffs have served subpoenas as follows:

1. Special education teacher Heather Clausen to appear for deposition;

2. Assistant principal Rick Everage for testimony and production of school records relating to various students other than Kayla Loch;

3. Assistant principal Daryl Hall for testimony and production of school records relating to various students other than Kayla Loch;

4. Principal Norm Bohnenstiehl for testimony and production of school records

relating to various students other than Kayla Loch.

Defendant objects to the subpoena directed to Heather Clausen because her only involvement with Kayla was to attend the eligibility determination meeting; she did not testify at the administrative hearing.  Plaintiffs suggest that Ms. Clausen's testimony would be relevant to the issue of why Kayla was denied an IEP.  Defendant takes the position that her testimony would constitute evidence outside the administrative record, and should not be allowed.  The court agrees with defendant for the reasons explained in its order denying plaintiffs' Motion to Compel, **Doc. 79.**

Defendant objects to the other three subpoenas because they call for the production of educational records which are confidential pursuant to the Family Educational Rights and Privacy Act, **20 U.S.C. §1232g**.  The court agrees with defendant for the reasons explained in the order denying plaintiffs' Motion to Compel, **Doc. 80.**

Upon consideration and for good cause shown, defendant's Motion to Quash Subpoenas **(Doc. 92)** is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

DATE:  October 16, 2007.

s/ Clifford J. Proud
CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE
