IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, **GLENNA H. LOCH,** and **KAYLA N. LOCH,** | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. **06-017-MJR** ) |
| **BOARD of EDUCATION of EDWARDSVILLE COMMUNITY SCHOOL DISTRICT #7,** | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court are two motions to quash a subpoena served on Andy Eulass, who is the Due Process Coordinator for the Illinois State Board of Education:

• Motion to Quash, filed by the Illinois State Board of Education and Mr. Eulass **(Doc. 120)**, and

• Defendant's Motion to Quash Subpoena **(Doc. 121)**.

Plaintiffs filed a response to **Doc. 120** at **Doc. 126**. They responded to **Doc. 121** at **Doc. 131**, which also includes a request to strike the Motion to Quash.

Plaintiffs directed a subpoena to Andy Eulass to appear for deposition and to produce "all documents pertaining to Plaintiffs' complaint regarding former Due Process Hearing Officer Ms. Gail Friedman, including all internal ISBE documentation, evaluations, complaints, etc. resulting in her dismissal as an ISBE Due Process Hearing official." A copy of the subpoena is attached as **Exhibit A to Doc. 120.** The subpoena was improperly "served" on Mr. Eulass by

1

certified mail.  **See, Fed.R.Civ.P. 45(b).**

Gail Friedman was the Due Process Hearing Officer who issued the adverse decision which plaintiffs challenge in this lawsuit.  According to the Board of Education's motion, Ms. Friedman's contract was not renewed for the 2007-2008 contract year, but that decision was not related to the Lochs' complaint about her, and she was not terminated for cause.

The Board of Education, Mr. Eulass, and defendant object that the information regarding Ms. Friedman's performance as a hearing officer is irrelevant.

Plaintiffs argue first that the defendant's motion should be stricken because the certificate of service is incorrect.  Defendant concedes that its certificate has an incorrect date due to a clerical error.  Plaintiffs concede that they received the motion in the mail on November 15, 2007.  Plaintiff's Motion to Strike **(Doc. 131)** is **DENIED.**

Substantively, plaintiffs assert that the information requested is "strongly related to the core issue in this litigation - whether the District complied with the proper procedural requirements" and whether the District "committed a legal violation pursuant to a 'custom' or with reckless or callous indifference." **Doc. 126, p. 8**.  They also argue that the requested information is relevant to determining whether "their administrative hearing findings were justly determined." **Doc. 131, p. 7**.

The court is unpersuaded by plaintiffs' arguments.  Although information need not be admissible in order to be discoverable, the parties are only entitled to discover information that is relevant to a claim or defense at issue in this case.  **Fed.R.Civ.P. 26(b)(1)**.  Relevant information is information that tends to make the existence of a fact more probable or less probable. **Fed.R.Evid. 401.**  Plaintiffs offer no coherent explanation of how the documents would be

relevant here. Complaints made about Ms. Friedman, evaluations of those complaints, and the circumstances under which her contract was not renewed are simply not relevant to the issues in this case.

The court notes that the Board of Education and Mr. Eulass also assert that production of the requested documents would violate Ms. Friedman's right to privacy. The court finds it unnecessary to address that point, as the records are entirely irrelevant.

For the foregoing reasons, Motion to Quash, filed by the Illinois State Board of Education and Mr. Eulass **(Doc. 120)**, and Defendant's Motion to Quash Subpoena **(Doc. 121)** are **GRANTED**. Plaintiffs' Motion to Strike **(Doc. 131)** is **DENIED**.

**IT IS SO ORDERED.**

DATE: December 4, 2007.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**