IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS H. LOCH, <br> GLENNA H. LOCH, and <br> KAYLA N. LOCH, <br> <br> Plaintiffs, <br> <br> v. <br> <br> BOARD of EDUCATION of <br> EDWARDSVILLE COMMUNITY <br> SCHOOL DISTRICT #7, <br> <br> Defendant. | Civil No. **06-017-MJR** |

# ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Request for a Court Order to Compel. **(Doc. 119)**. Defendant filed a response at **Doc. 129**. Plaitnffs then filed a reply at **Doc. 135.**

This moiton concerns a subpoena served by plaintiffs on Peter Basola, vice president of enrollment services at Lewis & Clark Community College, referred to herein as LCCC.

Plaintiffs served a subpoena duces tecum on Mr. Basola to appear for deposition on October 9, 2007, and to produce certain student records. The motion says that a copy of the supboena is attached as Exhibit A. However, no exhibits are attached to plaintiffs' motion.

Defendant attached a copy of the subpoena to its response, **Doc. 128.** The court first notes that the subpoena was "served" by certified mail, which is not proper service. See, **Fed.R.Civ.P. 45(b)**. However, the witness did not object on this basis.

The subpoena directed the witness to produce a list of all EHS (Edwardsville High School) students who were granted dual credit hour credits by LCCC since 2000 and a list of all

1

EHS students who have taken classes at LCCC since 2000, along with the names of the courses taken, the grades received by the students, copies of the permission letters from EHS, a copy of the Illinois Community College Board rules pertaining to permission letters, and a list of all LCCC courses that are approved for dual credit.

Mr. Basola appeared for deposition, represented by attorney Dean Sweet. The witness produced some, but not all, of the information called for in the subpoena. The record is not clear as to exactly what was produced. Three pages of the deposition are attached as **Exhibit B to Doc. 128**. Those pages indicate that the witness produced some documentation about the number of EHS students who took classes at LCCC, and the average of their grade point averages, but Mr. Basola stated that "we" (presumably, the administration of LCCC) take the position that the names of students are confidential under the Family Educational Rights and Privacy Act.

This court has previously denied plaintiffs' motion to compel defendant to provide information similar to that sought from LCCC because such information is protected by the Family Educational Rights and Privacy Act, **20 U.S.C. §1232g(b)(1)**. See, **Doc. 109.** That order was entered after Mr. Basola's deposition was taken, so plaintiffs did not have the benefit of the court's ruling at the time they prepared their subpoena. However, that order was obviously entered before plaintiffs filed the instant motion.

This court agrees with plaintiffs that Section **1232(g)(b)(2)**, by its terms, contemplates that education records may be revealed pursuant to court order, after notification to the parents and students before compliance with the order. Plaintiffs seem to interpret this provision as obligating the court to issue such an order as a matter of course upon the request of a party. This

2

court disagrees with that interpretation, for such a practice would render the statute meaningless in large part. Rather, this court perceives that a showing of good cause must be made before it will order the release of education records.

Plaintiffs have not demonstrated good cause for the release of the records. They argue that they need to know the names of the high school students who were permitted to take dual credit courses because this information "will reveal the various educational opportunities" that were given to other students but denied to Kayla. **Doc. 119, p. 3**. They also argue that such information will help them to demonstrate that Kayla was denied the opportunity to take dual credit courses because of her gender. **Doc. 135, p. 3.** Neither of these arguments presents a persuasive reason to cause LCCC or defendant to reveal the names, nature of courses taken, grades, and content of permission letters for students other than Kayla.

Upon consideration and for good cause shown, Plaintiffs' Request for a Court Order to Compel **(Doc. 119)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: December 4, 2007.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**