## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Thomas Loch, Glenna Loch and Kayla Loch ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No. 06-17-MJR |
| ) | |
| Board of Education of Edwardsville ) | |
| Community Unit School District No.7 ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS

Defendant Board of Education of Edwardsville Community Unit School District No. 7 ("District") by its attorneys Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd. submits this response to Plaintiffs' Motion to Compel Interrogatory Answers and states as follows:

### I.   INTRODUCTION

Plaintiffs request that this Court compel the Defendant to provide documentary evidence supporting their answers to Plaintiffs' requests to admit. Under Federal Rule of Civil Procedure 36, the Defendant is not required to provide evidence proving the accuracy of its answers. The Plaintiffs also are requesting that this Court order the Defendant to answer requests so poorly worded that one could only guess at their meaning. The Defendant's objections to such requests were necessary because the Defendant could not in good faith determine what the request was asking. Plaintiffs' motion to compel should be denied in its entirety.

### II.   ARGUMENT

    **A.   Defendant Sufficiently Answered or Objected to Plaintiffs' Requests for Admissions.**

The Defendant's answers or objections to Plaintiffs' requests for admissions were sufficient. Under Federal Rule of Civil Procedure 36, a party may respond to a request to admit "facts, the application of law to fact, or opinions about either" or the genuineness of documents by either "specifically deny[ing] it or stat[ing] in detail why the answering party cannot truthfully admit or deny it," or by specifically objecting to the request. The Defendant either admitted, denied, or properly objected to each of Plaintiffs' requests for admissions. Plaintiffs once again clearly misunderstand the discovery process and have again filed a frivolous discovery motion.

*1.   Plaintiffs may not challenge the accuracy of the Defendants' denials.*

Plaintiffs object to the Defendant's response to Requests No. 2 and 4 because they dispute the "truth" of the Defendant's answers and demand that the Defendant prove the substance of its denials with documentation. Request No. 2 states as follows:

> Admit the School District did not provide 10 days prior written notice to the parents before proposing or refusing to initiate or change the identification, evaluation, educational placement of, or the provision of free, appropriate public education for Kayla Loch. See 34 CFR 300.503; Ill Admin Code 226.520.

The Defendant's response to Request No. 2 states as follows: The Defendant denies that school personnel failed to provide prior written notice under 34 C.F.R. § 300.503 and Ill. Admin. Code., tit. 23, § 226.520. The Defendant properly denied the request.

Request No. 4 states as follows:

> Admit that with the exception of the "Notification of Conference" notice provided to the Plaintiffs' on January 12, 2005 (for the January 18, 2005 IEP eligibility meeting for Plaintiff Kayla Loch) no other "prior written notice" pursuant to "Meetings" (in accordance with IDEA) was ever provided to the parents with respect to this matter. See 34 CFR 300.503; Ill. Admin Code 226.520.

The Defendant's response to Request No. 4 states as follows: The Defendant objects to Request 4 because it presumes that Plaintiffs Thomas and Glenna Loch were entitled to "prior written notice" as the term is defined in state and federal regulations implementing the *Individuals with*

Case 3:06-cv-00017-MJR -CJP   Document 147   Filed 01/02/08   Page 3 of 9   Page ID #2251

*Disabilities Education Improvement Act* (IDEA), which they were not. The Defendant denies that it failed to provide "prior written notice" to Plaintiffs Thomas and Glenna Loch.

Plaintiffs argue that the Court should require the Defendant to prove the accuracy of its denials through documentary evidence. This is not appropriate. Rule 36 "was not designed to discover facts; it was designed to circumscribe contested factual issues in a case, so that issues which were disputed might be clearly and succinctly presented to trier of facts." *Ranger Ins. Co. v. Culberson*, 49 F.R.D. 181, 182 (N.D.Ga.1969). Keeping with the purpose of Rule 36, "[c]ourts have concluded that the ability to move to determine the sufficiency of answers and objections does not entitle one to request that a court determine the accuracy of a denial." *U.S. v. Operation Rescue Nat.*, 111 F.Supp.2d 948, 968 (S.D.Ohio 1999); *see also Michael v. Wes Banco Bank, Inc.*, No. CIVA 5:04CV46, 2006 WL 1705935, at *2 (N.D. W.Va. June 16, 2006); *Mayes v. City of Hammond, Ind.*, No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D.Ind. Aug. 1, 2006). A party is simply not required to prove the accuracy of its answers under Rule 36.

Plaintiffs may argue that the Defendant did not provide prior written notice in a summary judgment motion, but such argument is not appropriate for a motion to determine the sufficiency of its answers. *See Mason v. Smithkline Beecham Corp.*, No. 05-CV-1252, 2007 WL 781758, at *3 (C.D.Ill. Mar. 12, 2007) (stating that an attack on defendant's credibility in an effort to point out inconsistencies is an issue reserved for summary judgment or trial, not a motion to compel); *Mayes*, 2006 WL 2251877, at *2 ("If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial..."). The Defendant's answers to Requests No. 2 and 4 are sufficient because the Defendant properly and specifically denied the requests to admit.

Furthermore, the Defendant's position that it did not violate any of Plaintiffs' procedural rights under the IDEA, including any right to prior written notice, could not be any clearer. The Plaintiffs presented that very issue to the hearing officer half way through the due process proceeding, and over the Defendant's objection, the hearing officer considered the issue of whether the Defendant failed to provide proper prior written notice. *See* Due Process Decision, attached hereto as Exhibit A. The hearing officer decided in the District's favor as follows:

> The Court in *Krista P. v. Manhattan School District*, 255 F.Supp.2d 873 (N.D. Ill. 2003) found it to be an unsettled question "whether 'prior written notice' is required in those circumstances where a student has not been found eligible for special education, but upheld the hearing officer's interpretation of the regulations supported by *Farrell v. Carol Stream School District No. 25*, 1996 WL 364743 (N.D. Ill. 1996) citing *Hiller v. Board of Education*, 743 F.Supp. 958, 969 (N.D.N.Y. 1990) and *Letter of Inquiry*, 19 IDELR 498 (OSEP 1992) that prior notice was not required under those circumstances. As in *Krista P.*, <u>even if parents in this case are correct when they argue that they are entitled to "prior written notice," the record supports a finding that the district provided it.</u>

*Id.* at 8 (emphasis added). As part of this lawsuit, Thomas and Glenna have appealed that decision and also allege that the Defendant failed to provide prior written notice in retaliation for the Plaintiffs filing a Human Rights Authority Complaint. *See* Glenna's Response to Defendant's First Interrogatories, pg. 16, attached hereto at Exhibit B. Because Plaintiffs' continue to argue they were not provided prior written notice, the Defendant reaffirmed its position that it did not violate the law in its answers to Requests No. 2 and 4. Plaintiffs claim that anything regarding the Defendant's position needs to be "cleared up through the identification or production" of documents is absurd considering the years that the parties have litigated that issue. This issue has long been disputed and will not be resolved through Plaintiffs' requests to admit. The Defendant is entitled to fully make its argument in a motion for summary judgment or at trial; therefore, Plaintiffs' motion must be denied.

**B.     The Defendant Properly Objected to Answering Requests that Were Vague and Ambiguous.**

The party requesting admissions bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). A defendant is not required to admit or deny discovery requests which were not simple and concise statements of fact but, rather, vague and ambiguous wordings which did not allow the defendants to fairly admit or deny them. *See Vergara v. City of Waukegan*, 2007 WL 3334501 at *1 (N.D.Ill. Nov. 6, 2007); *Dubin v. E.F. Hutton Group Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). Plaintiffs' Requests No. 5, No. 6, and No. 7 are so convoluted that the Defendant could not directly admit or deny the requests and properly objected to doing so.

    *1.    Request No. 5 is so vague and ambiguous that it cannot be answered.*

Request No. 5 states as follows: Admit the School District failed to notify the parents of the conditions under which reimbursement for the cost of a unilateral placement would reduced or denied prior to their removal of Plaintiff Kayla Loch from EHS. The Defendant objected by objecting the request because it is vague and ambiguous.

The request is impossible to answer because it presumes that Kayla was eligible for special education and that the parents notified the District that they were placing Kayla in a special education placement outside of the District. Under these assumptions, Plaintiffs then request that the District admit that it failed to notify Thomas and Glenna of the conditions for reimbursement of a unilateral placement. The request is not simple or concise. The Defendant cannot admit or deny the request because Kayla was never eligible for a special education placement, Kayla was never unilaterally placed in a special education placement, but the District did provide Thomas and Glenna with a copy of their procedural safeguards, which explained the process for seeking reimbursement for a unilateral placement.

Plaintiffs contend that they sufficiently clarified the request by claiming that the request had something to do with their July 2004 meeting with the Principal and Assistant Principal and whether "prior written notice" was provided. This clarification only further confuses the request as the July meeting with the Principal and Assistant Principal had nothing to do with a special education placement for Kayla since she was not eligible for special education services. Even if Kayla was eligible, the request is about whether Thomas and Glenna were informed about reimbursement for unilateral placements, not whether they received prior written notice. The Defendant already twice denied that it failed to give prior written notice in response to Requests 2 and 4, so there should be no confusion regarding the Defendant's position regarding prior written notice. The Defendant should not be required to respond to a request that is impossible to answer without guessing what the request might really be asking.

2.  *Response to Request No. 6 is sufficient.*

Request No. 6 states as follows: Admit the School District failed to notify the parents in writing of their decision and the basis on which the decision was reached in deciding to whether or not to conduct an evaluation on Plaintiff Kayla Loch. The Defendant responded as follows:

> The Defendant objects to Request 6 because it is vague and ambiguous. The District admits that Plaintiff Thomas Loch submitted a written request dated September 18, 2004 for an evaluation of Kayla. The District admits that the final meeting where school personnel determined to conduct the evaluation of Kayla was held on October 20, 2004.[1]

Request No. 6 again requires guessing at what the statement might mean before answering. The District properly answered the portions of the statement that it could decipher, but objected to the remainder of the request because it was unclear what the Plaintiffs were addressing. The reference to notification of a decision in writing implies that Plaintiffs were

---

[1] As an initial matter, the Defendant's answer did contain a typographical error. The final meeting was held on October 29, 2004, not October 20, 2004. The Defendant has filed a motion to amend its answers to correct the date.

once again asking whether the District failed to provide prior written notice. The Defendant already repeatedly responded to that request and no other interpretation of the request makes sense. Therefore, the Defendant's partial answer and partial objection was appropriate. Again, the Defendant has the right to argue whether it provided prior written notice in a summary judgment motion, not in response to Plaintiffs' requests to admit.

　　　*1.　Request No. 7 is so vague and ambiguous that it cannot be answered.*

Plaintiffs' Request No. 7 states as follows: Admit the School District did not notify the parents that it would conduct an assessment of Plaintiff Kayla Loch within ten (10) school days after Plaintiff Thomas Loch's request for assessment. The Defendant responded as follows: The Defendant objects to Request 7 because it is vague and ambiguous.

Request No. 7 is vague because it does not define the term "assessment" and does not provide a timeframe during which the alleged request was made. The term "assessment" could refer to data collection for purposes of reviewing her 504 Plan or data collection done as part of her case study evaluation. It is impossible to answer the request without more detail about the specific request referenced. Plaintiffs' letter, which they claim clarified their request, only further confused the request because they cited a District procedure that deals with students already eligible for special education, which Kayla was not. The Defendant is not required to guess at the meaning of requests or re-write them to make sense. Accordingly, the Defendant's objection is appropriate and sufficient.

## III.  CONCLUSION

Plaintiffs have requested admissions that they are not entitled to for the reasons explained above. Therefore, the Defendant respectfully requests that this Court deny Plaintiffs' Motion to Compel.

...

-8-

Respectfully submitted on 2nd of January, 2008.

                                  Board of Education of Edwardsville Community Unit School District No. 7

                                  By: *Jennifer A. Fletcher* (signature)
                                       One of Defendant's Attorneys

Laura M. Sinars    Il. Bar No. 6216484, Lead Counsel
Jennifer A. Fletcher   Il. Bar No. 6282870
ROBBINS, SCHWARTZ, NICHOLAS,
 LIFTON & TAYLOR, LTD
20 North Clark, Suite 900
Chicago, Illinois 60602-4115
312.332.7760 tel.
312.332.7768 fax
jfletcher@rsnlt.com
lsinars@rsnlt.com

-9-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Thomas L., Glenna L. and Kayla L. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 06-17-MJR |
| | ) |
| Board of Education of Edwardsville | ) |
| Community Unit School District No.7 | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I, Jennifer A. Fletcher, an attorney, hereby certify that true and correct copies of the foregoing Response to Plaintiffs' Motion to Determine Sufficiency of Answers and Objections to Plaintiffs' First Set of Requests for Admissions was served upon Thomas, Glenna, and Kayla Loch, via overnight mail, this 2nd day of January, 2008.

By: *Jennifer A. Fletcher*
Jennifer A. Fletcher

Laura M. Sinars       Il. Bar No. 6216484, Lead Counsel
Jennifer A. Fletcher   Il. Bar No. 6282870
ROBBINS, SCHWARTZ, NICHOLAS,
 LIFTON & TAYLOR, LTD
20 North Clark, Suite 900
Chicago, Illinois 60602-4115
312.332.7760 tel.
312.332.7768 fax
jfletcher@rsnlt.com
lsinars@rsnlt.com

F:\Edwardsville\Kayla L\Response to Motion to Compel Admissions.doc