IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS H. LOCH,** | ) | |
| **GLENNA H. LOCH, and** | ) | |
| **KAYLA N. LOCH,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. **06-017-MJR** |
| v. | ) | |
| | ) | |
| **BOARD of EDUCATION of** | ) | |
| **EDWARDSVILLE COMMUNITY** | ) | |
| **SCHOOL DISTRICT #7,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court are two motions filed by plaintiffs regarding discovery. The motions are

plaintiffs' Motion to Compel [Answers to] Plaintiffs' Second Set of Interrogatories with Request

for Production **(Doc. 132)** and Plaintiffs' Motion to Compel - Determine the Sufficiency of

Answers and Objections to Plaintiffs' First Set of Request[s] for Admissions - Request for

Sanctions **(Doc. 143).**

In the first motion, plaintiffs seek an order compelling defendant to respond to

interrogatories numbered 12, 13, and 14. Defendant file a response at **Doc. 140.**

These interrogatories ask defendant to give information about students other than Kayla

Loch. This court has already ruled that such information is not discoverable under **20 U.S.C.**

**§1232g(b)(1)** and ***Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public***

***Instruction*, 463 F.3d 719, 730 (7th Cir. 2006)**. See, **Doc. 109.** In addition, interrogatory

number 13 seeks information about courses taken by students through the University of Missouri

1

Extension Program. This information is not relevant because Kayla never applied to take courses through the University of Missouri program.

In **Doc. 43**, plaintiffs challenge the sufficiency of defendant's responses to their requests for admissions numbers 2, 4, 5, 6, and 7.

Requests numbers 2 and 4 ask defendant to admit that it did not provide plaintiffs with "prior written notice." Defendant denies that fact. Plaintiffs contend that, if defendant claims it gave written notice, defendant should have to identify the document or documents which constitute prior written notice.

In its response, **Doc. 147**, defendant cites a number of district court cases which hold that the court may not require a party to demonstrate the accuracy of its response to a request under **Fed.R.Civ.P. 36.** This court agrees with the reasoning of those cases. The purpose of a request under Rule 36 is not to discover facts, but to narrow the scope of the issues in dispute and to facilitate the proof with respect to the issues that must be litigated. *See, Rule 36, Advisory Committee Notes, 1970 Amendment*. Here, defendant denies that it failed to give the required written notice. Rule 36 is simply not the proper mechanism by which to test the accuracy of that position.

Defendant objected to requests numbers 5, 6, and 7 because they were vague and ambiguous. The court agrees. The requests are compound, and require the reader to make certain assumptions before they can be answered. Plaintiffs' "good faith letter" implicitly recognizes that requests 5 and 7, at least, required clarification. **See, Ex. Attached to Doc. 143.**

The only problem that the Lochs raised in their good faith letter with respect to the response to number 6 was that defendant erroneously referred to a meeting on October 20, 2004.

As is set forth in defendant's Motion to Amend, **Doc. 146**, that date was a typographical error; the correct date is October 29, 2004. In their motion, the Lochs argue that defendant should have to produce the prior written notice that it claims it gave. Again, that is not the function of a request to admit under Rule 36.

For the foregoing reasons, plaintiffs' Motion to Compel [Answers to] Plaintiffs' Second Set of Interrogatories with Request for Production **(Doc. 132)** and Plaintiffs' Motion to Compel - Determine the Sufficiency of Answers and Objections to Plaintiffs' First Set of Request[s] for Admissions - Request for Sanctions **(Doc. 143)** are **DENIED in their entirety**. Plaintiffs' request for sanctions, made in **Doc. 143**, is also denied.

Defendant's Motion to Amend **(Doc. 146)** is **GRANTED**. Defendant is granted leave to electronically file its amended response to plaintiffs' first set of requests for admissions by **January 9, 2008.**

**IT IS SO ORDERED.**

**DATE: January 3, 2008.**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**