**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THOMAS H. LOCH, GLENNA H. LOCH and KAYLA N. LOCH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:06-cv-17-MJR |
| BOARD OF EDUCATION OF EDWARDSVILLE COMMUNITY SCHOOL DISTRICT #7, | ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiffs, Thomas, Glenna and Kayla Loch ("the Lochs"), appeal Magistrate Judge Proud's Orders denying the Lochs' motion to compel and for sanctions (Doc. 109), and denying the Lochs' motion to compel (Doc. 139). More specifically, the Lochs challenge Judge Proud's 1) denial of their motion to compel responses to interrogatories 4, 5, 6 and 11 and 2) denial of their motion to compel Lewis and Clark Community College ("LCCC") to reveal the names, nature of courses taken, grades and content of permission letters for students other than Kayla (*See* Docs. 113, 141).

**I.    Background**

The Lochs are suing the Board for, *inter alia*, failing to evaluate Kayla in a timely manner, refusing to honor dual credit courses and discriminating against her on the basis of sex, in violation of various federal statutes, including the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* The Lochs allege that Kayla, who was diagnosed with juvenile diabetes and emotional difficulties, was deprived of a free appropriate public education when Edwardsville High

School staff and instructors failed to follow the 504 Plan (Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq.*) written for Kayla and failed to accommodate her disabilities.

II. **Discussion**

Considering the Lochs' motion to compel as to interrogatory number 4, Judge Proud explained that discovery of the number of IEPs that were granted for the school years 2002-2005, broken down by disability domain, and for the number of IEPs that were granted for students suffering from diabetes and/or emotional disturbance would not tend to prove or disprove any fact in issue. Consequently, he sustained the Board's objection to the relevance of the information sought.

Interrogatories 5, 6 and 11 seek information about students other than Kayla. Citing the Family Educational Rights and Privacy Act, **20 U.S.C. § 1232g**, Judge Proud held that the release of school records, and, more specifically, of students' identifying information, is prohibited. Judge Proud found that the Board's offer to give the Lochs' the information they seek, redacted to identify students by a number rather than by name, was an appropriate response. Consistent with this holding and on the same basis, Judge Proud also denied the Lochs' motion to compel LCCC to release student records and reveal the names of students other than Kayla

Dissatisfied with Judge Proud's decisions, the Lochs filed the instant appeals, pursuant to 28 U.S.C. § 636 and Local Rule 73.1, asserting that the information sought is relevant and that knowledge of other students, who may be similarly situated to Kayla, is critical to the prosecution of their action.

Rule 73.1(a) provides that "[a] District Judge of the court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." The Seventh Circuit has explained that the clear error standard "means that the

district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, **126 F.3d 926, 943-44 (7th Cir. 1997)**.

Having reviewed the record, including the Lochs' detailed objections, the Court cannot find that a mistake has been made. Judge Proud's rulings on the motions to compel were neither clearly erroneous nor contrary to law. Particularly, the Court finds that the Board reasonably and appropriately provided relevant information, within the bounds of **20 U.S.C. § 1232g**, by identifying students by number rather than by name.

As a final matter, the Court notes that the Lochs have filed at least three motions to compel and two objections pursuant to Rule 73.1(a) attempting to gain information about students other than Kayla. The Court has repeatedly ruled that such information is not discoverable under **20 U.S.C. § 1232g(b)(1)** and *Disability Rights Wisconsin, Inc. v. State of Wisconsin Dept. of Public Instruction,* **463 F.3d 719, 730 (7th Cir. 2006)**. Revisiting issues that have already been ruled upon causes needless expense and delay, and strains scarce judicial resources. *City of East St. Louis v. Circuit Court for Twentieth Judicial Circuit*, **986 F.2d. 1142, 1143 (7th Cir. 1993) (citing** *Mars Steel Corp. v. Cont'l Bank N.A.*, **880 F.2d 928, 932 (7th Cir. 1989) (en banc))**.

Under Federal Rule of Civil Procedure 11(b), a party must certify to the Court that any paper presented is not being used for any improper purpose and that any claims or defenses are warranted by existing law. **FED. R. CIV. P. 11(b)**. Sanctions for violation of Rule 11 may include "directives of a nonmonetary nature, an order to pay a penalty into court or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Methode Elecs., Inc. v. Adam Techs., Inc*., **371 F.3d 923, 926 (7th Cir. 2004)**. Accordingly, the

Court **WARNS** the Lochs that continuing to raise issues that have been the subject of previous motions may result in appropriate sanctions pursuant to Rule 11.

### III. Conclusion

For the above-stated reasons, the undersigned District Judge **REJECTS** the Lochs' objections (Docs. 113, 141) and **DECLINES TO SET ASIDE** Judge Proud's Orders (Docs. 109, 119).

**IT IS SO ORDERED.**

**DATED this 7th day of January, 2008**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**