IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS H. LOCH,** )
**GLENNA H. LOCH, and** )
**KAYLA N. LOCH,** )
)
      Plaintiffs, )
)   Civil No. **06-017-MJR**
v. )
)
**BOARD of EDUCATION of** )
**EDWARDSVILLE COMMUNITY** )
**SCHOOL DISTRICT #7,** )
)
      Defendant. )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiffs' Motion to Quash Subpoena. **(Doc. 151).** Defendant filed a response at **Doc. 153.**

Defendant has served a notice and subpoena to take the deposition of Dr. Veronica McGregor on January 16, 2008. Plaintiffs object pursuant to Fed.R.Civ.P. 30(a)(2)(A)(i).

Dr. McGregor's deposition would be the eleventh deposition to be taken by defendant. Rule 30(a)(2)(A)(i) provides that a party may take more than ten depositions only upon stipulation of the parties or by leave of court.

In its response, defendant asks for leave to depose Dr. McGregor, who has been identified by plaintiffs as having treated Kayla Loch. Defendant states that it is necessary to take more than ten depositions due to the number of health care providers that have treated Kayla. The court notes that three of the depositions that have already been taken were of the plaintiffs.

The court should grant leave to take additional depositions "consistent with the principles

1

of Rule 26(b)(2)." *Rule 30, Advisory Committee Notes, 1993 Amendments*.

Plaintiffs' only objection is based on the number of depositions. They have not raised any substantive objection. Because of the number of health care providers and the nature of plaintiffs' alleged damages, the court finds it appropriate to allow the deposition.

Upon consideration and for good cause shown, Plaintiffs' Motion to Quash Subpoena **(Doc. 151)** is **DENIED**. Pursuant to Rules 26(b)(2) and 30(a)(2)(A)(i), defendant is granted leave to depose Dr. McGregor.

**IT IS SO ORDERED.**

**DATE: January 15, 2008.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**