# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS H. LOCH, GLENNA H. LOCH and KAYLA N. LOCH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06-CV-0017-MJR |
| BOARD OF EDUCATION OF EDWARDSVILLE COMMUNITY SCHOOL DISTRICT #7, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Defendant, Board of Education of the Edwardsville Community School District #7 ("the District") moves to strike the clarifications and corrections to the District's summary of facts filed by Plaintiffs, Thomas, Glenna and Kayla Loch (Doc. 175).[1] The document at issue seeks to refute or "clarify" the District's summary of facts by indicating whether Plaintiffs believe them to be true, true as modified or false. *See* Doc. 168, Exh. A.

**FEDERAL RULE OF CIVIL PROCEDURE 12(f)** governs motions to strike. The rule authorizes the district courts to strike insufficient defenses. Additionally, the courts may strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." Allegations may be stricken if the matter alleged bears no possible relation to the controversy or may cause the objecting party prejudice. ***Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).**

---

[1]The Court will not recite that facts of this case, which are well-known to the Court and the parties.

1

As a general rule, motions to strike are disfavored, in part because they tend to delay judicial proceedings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1294 (7th Cir. 1989).** *See also Williams v. Jader Fuel Co.*, **944 F.2d 1388, 1400 (7th Cir. 1991)("Motions to strike 'are not favored....'").** However, while motions to strike are "not favored," where they "remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller*, **883 F.2d at 1294**.

Plaintiffs state that their clarifications are provided in accordance with Local Rule 56. As the District correctly points out, there is no Local Rule 56. The Court will construe Plaintiffs' clarifications as brought under FED. R. CIV. P. 56, which is the proper rule under which a party may move for summary judgment or file its opposition thereto.

So construing the document, the Court finds that Plaintiffs' clarifications do not meet the requirements of Rule 56. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." **FED. R. CIV. P. 56(e)**. Thus, in opposing a motion for summary judgment under Rule 56, Plaintiffs may rely upon sworn affidavits, depositions, answers to interrogatories and admissions. They may not rely upon their own unsworn statements. Plaintiffs' clarifications are essentially argument and amount to unsworn testimony that is inadmissible as evidence to oppose the District's motion for summary judgment.

Additionally, it appears that Plaintiffs, through this exhibit, attempt to file an oversized brief, without leave of Court. "No brief shall be submitted which is longer than twenty

2

(20) double-spaced typewritten pages." **SDIL-LR 7.1(d)**. Plaintiffs' response itself is twenty-three pages, and this document, although denominated an exhibit, is, in actuality, a twenty-one page continuation of their response. To allow Plaintiffs to file an oversized brief without leave of Court would be prejudicial to the District.

For these reasons, the Court **GRANTS** the District's motion to strike the clarifications and corrections to the District's summary of facts. (Doc. 175). The first twenty-one pages of Document 168, Exhibit A are stricken and will not be considered by the Court.

**IT IS SO ORDERED.**

**DATED this 12th day of June, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**