IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS H. LOCH, GLENNA H. LOCH and KAYLA N. LOCH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 06-CV-0017-MJR |
| BOARD OF EDUCATION OF EDWARDSVILLE COMMUNITY SCHOOL DISTRICT #7, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiffs Thomas, Glenna and Kayla Loch ("the Lochs") move the Court to alter or amend the judgment entered in this action in accordance with FED. R. CIV. P. 7(b)(1), 59(e) and 60(b). (Doc. 198). The Lochs assert that the Court erred in making the following findings: (1) that the Lochs failed to exhaust administrative remedies; (2) that the Hearing Officer ("HO") did not err with regard to substantive and procedural Individuals with Disabilities Education Act ("IDEA") claims; (3) that the District made every effort to follow Kayla's 504 plan; (4) that the Lochs were subjected to unfair surprise and prejudice; and (5) that the Lochs cannot establish a prima facie case of gender discrimination.

Federal Rule of Civil Procedure 59(e) governs the Lochs's motion to alter or amend judgment.[1] A District Court may alter or amend a judgment under Rule 59(e) only "when there is

---

[1]"A motion to alter or amend a judgment is deemed filed under Rule 59(e) of the civil rules, which tolls the time for filing an appeal from the judgment, if the motion is filed within 10 days after entry of the judgment, which means after the Rule 58 judgment order has been

1

newly discovered evidence or there has been a manifest error of law or fact." ***Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  *Accord Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Although Rule 59 relief is appropriate if the movant "presents newly discovered evidence that was not available at the time of trial or ... points to evidence in the record that clearly establishes a manifest error of law or fact," such relief is <u>not</u> properly awarded based on arguments or theories that could have been proffered before the district court rendered judgment.  ***County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995).**

The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered.  *See, e.g., Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers,* 762 F.2d at 561.

As recently reiterated by the Court of Appeals:

> Motions to alter or amend judgments are no place to start giving evidence that could have been presented earlier.... ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns.").  Litigation must sometime come to an end, and the limit on Rule 59 motions advances that goal.

---

docketed." ***Borrero v. City of Chicago*, 456 F.3d 698, 699 (7th Cir. 2006).**  The ten days are computed in accord with Rule 6(e), to exclude weekends and legal holidays.  The Lochs's motion to alter or amend judgment was filed within ten days following entry of judgment, so it was timely filed under Rule 59(e).

2

*Dal Pozzo v. Basic Machinery Co., Inc.*, **463 F.3d 609, 615 (7th Cir. 2006).** Nor can a party use Rule 59(e) "to undo its own procedural failures." *Harrington*, **433 F.3d at 546 (citing** *Bordelon v. Chicago School Reform Bd. of Trustees,* **233 F.3d 524, 529 (7th Cir. 2000).**

The Lochs also cite to Rule 60(b), which authorizes a district court to relieve a party from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered sooner; (3) fraud; (4) a void judgment; (5) a judgment which has been satisfied or discharged; and (6) any other reason justifying relief from operation of the judgment. **FED. R. CIV. P. 60(b).**

Rule 60(b) is not a method for correcting simple legal errors but, instead allows courts to overturn decisions where "special circumstances justify an extraordinary remedy." *Cash v. Illinois Div. of Mental Health*, **209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes an "exacting standard," and Rule 60(b) movants must demonstrate exceptional circumstances to prevail. *Romo v. Gulf Stream Coach*, *Inc.,* **250 F.3d 1119, 1121 n.3 (7th Cir. 2001).** Additionally, the Seventh Circuit has explained that the ground for setting aside a judgment under Rule 60(b) must be something that could not have been presented in a direct appeal. *Bell v. Eastman Kodak Co.*, **214 F.3d 798, 801 (7th Cir. 2000).**

In support of their motion to alter or amend judgment here, the Lochs either rehash arguments already presented to (and rejected by) OR assert facts which could have been (but were not) raised before the Court entered judgment. The Lochs have neither presented newly discovered evidence nor demonstrated a manifest error of law or fact. They have demonstrated – and the record reveals – no basis warranting relief under either Rule 59(b) or Rule 60(b). Nonetheless, with the above-stated principles in mind, the Court will address each of the Lochs's allegations in turn.

3

*Exhaustion of remedies*

The Lochs contend that the Court erred in finding that they failed to exhaust administrative remedies. They argue that they "never raised or took issue with the District's medical and psychological evaluations and other assessment related tools utilized by the District to evaluate Kayla." To the contrary, in Count One, Kayla specifically alleged that the District's "evaluation process was largely inadequate, nor was it a complete and objective evaluation. Order, p. 9; Amended Complaint, p. 27. Kayla claimed, "The District's 'school team' who evaluated [her] did so in a haphazard manner and erred in their determination that [she] was ineligible for special education and related services." *Id*. As a result of these claims, the sufficiency of the District's evaluation was at issue in this proceeding. It was not, however, among the issues before the HO at the due process hearing, where Thomas Loch disagreed with the team's conclusions rather than with the sufficiency of the evaluation process.

The Lochs also contend that the Court erred in finding that merely requesting and attending an IDEA due process hearing was insufficient to exhaust claims under § 504, the ADA and § 1983. As the Court stated in its July 15th Order, although "the IDEA does not limit relief available under other laws[,] nonetheless, parties must exhaust their claims "to the same extent as would be required had the action been brought under this subchapter." **Charlie F. by Neil F. v. Bd. of Educ. of Skokie School Dist. 68, 98 F.3d 989, 991 (7th Cir. 1996)(citing 20 U.S.C. § 1415(f)**. On this basis, the Court dismissed Thomas's and Glenna's claims of discrimination and retaliation, which were not included in the issues raised before the HO and, thus, were unexhausted. Furthermore, the Court found that, while educational opportunities expense is available under the IDEA, the Lochs could not avoid IDEA requirements and remedies by seeking damages under different statutes but

4

based upon the same facts. *See id.*

As to this issue, the Lochs have failed to establish a manifest error of law or fact, and have offered only rehashed arguments that were previously rejected by the Court.

### *Finding no error in HO's decision*

The Lochs assert that the Court committed "unequivocal legal error" in finding no error in the HO's decision that Kayla is not "a child with a disability." They contend that "the District failed to identify the nature and severity of Kayla's suspected disabilities and failed to provide Kayla FAPE [free appropriate public education] in a least restrictive environment, consistent with the IDEA procedural safeguards." The Lochs cite no compelling evidence that the Court's findings were a "manifest error of law or fact."

The Lochs's arguments were thoroughly and carefully considered by the Court in its July 15th Memorandum and Order. Because the Court ruled that no new evidence could be submitted, it applied a clear error or substantial evidence standard. ***Krista P. v. Manhattan School Dist.*, 255 F.Supp.2d 873, 884 (N.D.Ill. 2003)**. Reviewing the HO's decision under this deferential standard, the Court concluded that the HO properly found that Kayla is not a "child with a disability." The Court found that, even though Kayla was being treated for diabetes and had been treated at times for emotional problems, there was no proof that these conditions affected her educational performance to the extent that she required special services and programs. **Order, pp. 13-14 (citing 34 C.F.R. § 300.7(c)(9)**. In so finding, the Court relied upon opinions expressed by Kayla's pediatric endocrinologist, the school psychologist and the director of special education as well as Kayla's grades during the time that she attended Edwardsville High School ("EHS").

The Lochs attempt to relitigate issues previously addressed by the Court. They also

5

refer to and attempt to introduce into the record declarations and deposition testimony that were not part of the administrative record. This information may not be considered by the Court in determining whether Kayla is "a child with a disability." The Court finds no reason to reconsider its earlier determination that the HO committed no error in her decision.

### *Kayla's 504 plan and Individualized Education Program ("IEP")*

While not completely clear, it appears that the Lochs contend that the Court erred in its findings as to Kayla's 504 plan because the District failed to offer Kayla special education services and did not provide her with the requested IEP.

As thoroughly considered in the Court's July 15th Order - and more briefly herein - the District was not required to offer Kayla special education services because she did not meet the statutory criteria for "a child with a disability," such that the District was required to provide her with special education services. As to the requested IEP, the Lochs complain that the director of special education stated in her deposition that the District would not provide Kayla with the 504 plan accommodations that they were seeking. Although the Lochs formulated Kayla's IEP for her freshman year at EHS, the District is not required to provide the Lochs with the accommodations of their choice. Rather, the District must provide them with the opportunity to participate in the formulation of Kayla's IEP. **Board of Educ. of Tp. High School Dist. No. 211 v. Michael R., 2005 WL 2008919, 9 (N.D.Ill. 2005) ("School districts are responsible for ensuring that parents are afforded an opportunity to participate at each IEP meeting")(citing 34 C.F.R. § 300.345(a))**. The evidence is that the Lochs were provided with this opportunity and participated in the formulation of Kayla's IEP. The Court finds no factual or legal errors such that it should reconsider its decision as to Kayla's 504 plan and IEP.

*Unfair surprise and prejudice*

The Lochs contend that the Court relied upon evidence outside the record that was submitted by the District while denying them the opportunity to submit additional evidence.

First, if the District relied upon evidence not properly admitted, the time for the Lochs to raise that objection was in their response to the District's motion for summary judgment and not after judgment has been rendered. Second, while the parties were precluded from presenting evidence and testimony outside the administrative record in support of arguments related to alleged IDEA violations, they were not precluded from submitting such evidence in support of, or in defense of, other claims, including those related to § 504, the ADA, Title VI and Title IX.

Third, to the extent that the Court considered any evidence outside the administrative record, the error was harmless and, as such, does not warrant alteration or amendment of judgment. The Lochs's claims lack specificity as to what evidence was improperly considered by the Court. However, upon review, the Court observes that, while Kayla did not testify at the administrative hearing, the Court did cite to her deposition as related to IDEA claims. In particular, the Court considered Kayla's testimony as to the difficulties she allegedly encountered with EHS staff related to her diabetes. The evidence was submitted by the Lochs and accepted by the Court as true. The District offered no evidence to counter these claims. It is patently clear that the consideration of this additional evidence, Kayla's own testimony submitted to the Court by the Lochs, cannot form a basis for reconsideration of the Court's order and judgment. The Court finds no unfair surprise or prejudice to the Lochs and will deny their motion for reconsideration as to this issue.

*Gender discrimination*

The Lochs claim that they were not allowed to submit additional evidence on this issue

which prevented them from offering evidence of sex discrimination.

It seems that the Lochs did not understand that the Court's order barring supplementation of the record applied only to IDEA claims and did not apply to Kayla's Title IX claim. Despite this apparent misunderstanding, the Lochs did, in fact, submit additional evidence outside the record on non-IDEA claims, including their claim for gender discrimination. In the Lochs's motion for summary judgment, they submitted six binders of deposition transcripts from District employees and from Kayla's treating physicians and counselors. Moreover, the Court reviewed the evidence submitted by the Lochs on gender discrimination, including their references to approved alternative education programs offered by the District and the male/female percentages in the various programs. If the Lochs failed to present other evidence or to make other arguments in support of their claim, it was not because the Court precluded them from doing so.

## Conclusion

For all of the above reasons, the Court **DENIES** the Lochs's motion to alter or amend judgment (Doc. 198). As a housekeeping measure, the Court also **DENIES as moot** the District's motion to strike declarations (Doc. 206).

**IT IS SO ORDERED.**

**DATED this 13th day of November, 2008**

                                             **s/Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**